# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALEKS RECHANIK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 08 C 4741 |
| v. ) | |
| ) | Judge George M. Marovich |
| MICROSOFT CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Aleks Rechanik ("Rechanik") has filed an amended complaint against defendant Microsoft Corporation ("Microsoft"). Before the Court are several motions, including defendant's motion to dismiss.

## I.      Background

The Court takes as true the allegations in plaintiff's amended complaint. In addition, the Court takes judicial notice of the Seventh Circuit's decision in the case of *Microsoft Corp. v. Rechanik*, Case No. 06-4343, 2007 WL 2859800 (7th Cir. Sept. 20, 2007).[1]

Plaintiff's filing his amended complaint against Microsoft did not mark the first time these parties litigated against each other. Microsoft has sued plaintiff at least two times before, once in Ohio and once at the Northern District of Illinois. The Northern District of Illinois case resulted in a judgment against Rechanik, and he appealed to the Seventh Circuit. Here is what the Seventh Circuit had to say about the case:

---

[1]The Court may take judicial notice of documents such as judicial decisions without converting a motion to dismiss into a motion for summary judgment. *See General Elec. Cap. Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997).

Rechanik is in the business of selling low-priced computer software, including software produced by Microsoft. One of the ways that he is able to keep prices low is by purchasing software at the lowest possible price without asking questions about whether it is counterfeit. Microsoft first caught on to Rechanik's business practices in 1999 and sent a cease-and-desist letter to Rechanik and his Ohio corporation, Altim International Trading Co., asking that they stop distributing counterfeit products. Microsoft sued them when they failed to comply, and a district court in Ohio awarded Microsoft $980,000 in damages plus attorneys' fees and entered a permanent injunction prohibiting Rechanik and Altim from infringing Microsoft's copyrights. *Microsoft Corp. v. Rechanik*, No. 1:99CV0965 (N.D. Ohio Mar. 3, 2000).

Rechanik quickly regrouped in Illinois and opened another software sales business, Era Soft. Rechanik is Era Soft's sole shareholder and officer, and is one of its two employees. Microsoft sent investigators to purchase purported Microsoft software from Era Soft and soon learned that Rechanik was once again infringing its copyrights and selling counterfeit Microsoft products, so it sent Rechanik and Era Soft a cease-and-desist letter. When they continued to sell counterfeits, Microsoft brought suit . . .

\* \* \*

We agree with the district court's determination, which we review *de novo* [internal citation omitted], that Microsoft was entitled to summary judgment because it presented overwhelming and unrefuted evidence that Rechanik was personally liable for infringing Microsoft's copyrights and trademarks. An individual can be jointly liable for a company's infringing conduct. See *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 995, 971 (2d Cir. 1997) (individual liability for a company's copyright infringement); *Chanel, Inc. v. Italian Activewear of Fla.*, 931 F.2d 1472, 1427 (11th Cir. 1991) (same for trademark infringement).

Microsoft's evidence–including Rechanik's own tetimony and the declarations of Microsoft's investigators and the Microsoft employee who examined Era Soft's counterfeits–established that Era Soft violated Microsoft's exclusive right as the copyright holder to authrorize the manufacture and distribution of its products. See 17 U.S.C. § 106(3); *Salton, Inc. v. Philips Domestic Appliances & Pers. Care B.V.*, 391 F.3d 871, 875 (7th Cir. 2004). And Microsoft's undisputed evidence showed that Rechanik intentionally encouraged Era Soft's infringement; thus he is personally liable as a contributor. See *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930, 125 S.Ct. 2764, 162 L.Ed. 781 (2005); *Matthew Bender & Co. v. West Publ'g Co.*, 158 F.3d 693, 706 (2d Cir. 1998). Although Rechanik now argues that he did not know that the products were counterfeit, he admitted at his deposition that he purchased the

products from unauthorized distributors, did not ask whether they were authentic, and did not examine them to satisfy himself that they were not counterfeit. At best, Rechanik's 'ostrich-like' business practices amount to willful blindness, which is sufficient to show he had the intent necessary to be a contributory infringer. See *In re Aimster Copyright Litig.*, 334 F.3d 650, 655 (7th Cir. 2003).

\* \* \*

As for Microsoft's trademark claim, the undisputed evidence leads us to the same conclusion. The logos and labeling on Era Soft's counterfeit software closely resembled Microsoft's marks, so Era Soft's products were likely to confuse consumers. See *e.g.*, *Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145, 148 (4th Cir. 1987) ("Where one produces counterfeit goods in an apparent attempt to capitalize upon the popularity of, and demand for, another's product, there is a presumption of a likelihood of confusion."). And the same evidence that supports the conclusion that Rechanik is liable as a contributor to copyright infringement also supports the conclusion that Rechanik is liable as a contributor to Era Soft's trademark infringement. The uncontroverted evidence shows that he caused Era Soft to sell the software knowing that these products infringed on Microsoft's marks, see *Inwood Labs, Inc. v. Ives Labs., Inc.* 456 U.S. 844, 854, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982); *David Berg & Co. v. Gatto Int'l Trading Co.*, 884 F.2d 306, 311 (7th Cir. 1989), or at least was willfully blind to the infringement, see *Hard Rock Café Licensing Corp. v. Concession Servs.*, 955 F.2d 1143, 1149 (7th Cir. 1992).

\* \* \*

Rechanik argues that summary judgment was not warranted because his counsel gave him poor advice and conspired with Microsoft's counsel, but Rechanik offers no evidence to support that allegation. In any event, we will not reverse a district court's judgment in a civil case because a litigant's counsel provided ineffective assistance. See *Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001). We thus agree with the district court that Microsoft is entitled to summary judgment against Rechanik.

*Microsoft Corp. v. Rechanik*, Case No. 06-4343, 2007 WL 2859800 (7th Cir. Sept. 20, 2007),

*cert. denied*, 128 S.Ct. 2429 (May 12, 2008).

On August 20, 2008, nearly a year after the Seventh Circuit issued its opinion and a few months after the Supreme Court denied plaintiff's petition for certiorari, plaintiff filed a

complaint against Microsoft. After Microsoft moved to dismiss, plaintiff filed an amended complaint.

Plaintiff's amended complaint approaches incomprehensibility. The bulk of the amended complaint is an attack on the prior judgment. In the amended complaint, plaintiff asserts that he is "seeking relief from Judgment and Permanent Injunction" and that "[t]his is a lawsuit seeking lawful Relief and other Recovery by 'Plaintiff', because in a previous court has failed to properly assess the lawsuit, submitted by the 'MS' [Microsoft] and to determine the absolute lack of legal basis for it by the 'MS', as well as to assess false, is not confirmed by any document, ignored and has not been able to assess the impact of illegal 'MS' to ex-consuls other hand, the facts conspiracy between 'MS' and ex-consul's opposite side, was not able to see cases of fraud upon the Court's." (Amended Compl. at 1, 2).

The Court has attempted to decipher plaintiff's amended complaint. In Count I, plaintiff asserts that Microsoft did not have a legal basis for its prior suit. Here, plaintiff takes issue with some of the evidence that was presented. Specifically, Rechanik appears to argue that the investigators who testified that he had sold counterfeit software were not qualified to determine whether the software was counterfeit. In Count III, plaintiff appears to be asserting that Microsoft abused the legal process by issuing a Citation to Discover Assets. In Count IV, Rechanik asserts that he lost the prior case because his lawyer was helping Microsoft. In Count V, Rechanik asserts that Microsoft breached a settlement agreement reached in the 1999 Ohio case when it filed suit in the Northern District of Illinois. In Count VI, plaintiff asserts that by litigating the prior case, Microsoft sought to obtain more than the Copyright Act granted it.

In addition to the attacks on the prior judgment, plaintiff asserts a claim under the Racketeer Influenced and Corrupt Practices Act, 18 U.S.C. § 1962. Plaintiff asserts that Microsoft is a "huge" corporation that has filed more than 50 cases that are similar to the case Microsoft filed against Rechanik. Rechanik complains that the people Microsoft sues lack the resources to defend themselves, whereas Microsoft has a "huge" legal department and outside counsel. As to predicate acts, Rechanik seems to be alleging that in the prior case, Microsoft claimed to have sent Rechanik cease-and-desist letters which he never actually received. In addition, Rechanik seems to be alleging that he received telephone calls from Microsoft that were stressful to him.

## II. Standard on a motion to dismiss

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic*, 127 S.Ct. at 1964-1965. A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Bell Atlantic*, 127 S.Ct. at 1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing*

possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)).

**III.** **Discussion**

**A.** **Plaintiff's motion of unauthorized practice**

The Court first considers plaintiff's *Motion of Unauthorized Practice [of] Law*. In this motion, plaintiff asserts that attorneys Eric Brandfonbrener and Todd Church violated the local rules of this Court by failing to file individual attorney appearances on behalf of Microsoft and by failing to include their ARDC numbers on their appearances. The charges are simply false. Each attorney filed an appearance on October 16, 2008 (some four months before plaintiff filed his motion), and each included his ARDC number on his appearance. Accordingly, plaintiff's motion is denied.

**B.** **Defendant's motion to dismiss**

Having lost his appeal at the Seventh Circuit and having had his petition for certiorari denied by the Supreme Court, plaintiff filed another suit to attack the earlier judgment. Five of plaintiff's six counts are attacks on the prior judgment. In Counts I, III, IV, V, and VI, plaintiff attacks the evidence used to support the prior judgment, attacks the result, attacks Microsoft's attempt to enforce the judgment and makes arguments rejected by the courts in that litigation. Plaintiff "cannot use a new suit to contend that the disposition of the first was mistaken." *Hudson v. Hedge*, 27 F.3d 274, 276 (7th Cir. 1994) (citing *Federated Dep't Stores v Moitie*, 452 U.S. 394 (1981)). Accordingly, Counts I, III, IV, V and VI are dismissed with prejudice.

The Court dismisses with prejudice Count II, plaintiff's RICO claim, for a similar reason. In this claim, plaintiff seems to allege that Microsoft has engaged in a scheme of filing dozens of cases against small companies and individuals who lack the resources to defend themselves. One of those cases was the case Microsoft filed against Rechanik (and, in fact, won). As predicate acts, plaintiff alleges that Microsoft failed to send him letters that it claimed to send and made phone calls to him that caused him stress. Essentially, plaintiff is alleging that Microsoft's prior case against him was part of a RICO scheme to defraud plaintiff. Were plaintiff to prevail on his RICO claim, it would nullify rights won by Microsoft in the prior claim. So, while Count II is not technically a compulsory counterclaim, it is a claim that should have been brought in the prior suit. *See Rudell v. Comprehensive Accounting Corp.*, 802 F.2d 926, 928 (7th Cir. 1986) ("*Both precedent and policy require that res judicata bar a counterclaim when its prosecution would nullify rights established by the prior action.* Judicial economy is not the only basis for the doctrine of res judicata. Res judicata also preserves the integrity of judgments and protects those who rely on them.") (quoting *Martino v. McDonald's System, Inc.*, 598 F.2d 1079, 1085 (7th Cir. 1979)). Accordingly, the Court concludes that Count II is barred by *res judicata*.

For these reasons, the Court dismisses Count II with prejudice.[2]

---

[2]Even if plaintiff's RICO claim were not barred, the Court would still dismiss the RICO claim with prejudice. As defendant points out, plaintiff has failed to meet the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Prodedure. Plaintiff's complaint "must, at a minimum, describe the predicate acts with some specificity and state the time, place, and content of the alleged communications perpetrating the fraud." *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 726 (7th Cir. 1998). Plaintiff has not done so, and his claim should be dismissed for this reason.

The Court also notes that it does not see any way for the plaintiff to amend his complaint to state a claim under RICO. Congress passed RICO to "eradicate organized, long-term criminal

**IV. Conclusion**

For the reasons set out above, the Court grants defendant's motion to dismiss. The Court hereby dismisses with prejudice Counts I, II, III, IV, V and VI. Case dismissed.

All other pending motions are denied as moot.


ENTER:

George M. Marovich
United States District Judge

DATED: March 17, 2009

---

activity." *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1019 (7th Cir. 1992). Despite "widespread abuse" of civil RICO, RICO "has not federalized every state common-law cause of action available to remedy business deals gone sour." *Midwest Grinding*, 976 F.2d at 1025. "Rather, it is a unique cause of action that is concerned with eradicating organized, long-term, habitual criminal activity." *Gamboa v. Velez*, 457 F.3d 703, 705 (7th Cir. 2006). Nothing that plaintiff has alleged suggests long-term criminal activity. The Court fails to see how filing lawsuits constitutes fraud. One suspects that if the lawsuits were fraudulent, Microsoft would not be winning any of the lawsuits. One suspects that if the lawsuits were frivolous, Microsoft would be sanctioned by the Courts in which the suits were filed. The Court fails to see how the alleged conduct could ever support a RICO claim.